**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2982
_____

UNITED STATES OF AMERICA

v.

JOSEPH VEZO,
                                Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3-19-cr-00213-001)
U.S. District Judge:  Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 4, 2023
_____

Before:  SHWARTZ, CHUNG, and MCKEE, Circuit Judges.

(Filed:  December 7, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Joseph Vezo appeals the District Court's judgment for his violation of supervised release. Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), and affirm.

I

In September 2021, Vezo pleaded guilty to mail fraud, was sentenced to time served, and immediately commenced a two-year term of supervised release. His conditions of release required, among other things, that he not possess or use controlled substances and that he follow the instructions of both probation and any treatment program. Within one month of his release, Vezo admitted to drug use. After several other instances of drug use over the next six months, Vezo completed an inpatient treatment program and then was released to a halfway house. Vezo received a one-day pass from the half-way house to attend the birth of his child, but he did not return. The probation office filed a petition alleging numerous violations of the conditions of his release and obtained an arrest warrant.[1]

---

[1] The petition alleged the following violations: unlawfully possessing and using controlled substances (mandatory condition nos. 2 and 3, respectively); not truthfully answering questions by the probation officer (standard condition no. 4); interacting with someone engaged in criminal activity (standard condition no. 8); failing to follow the instructions of the probation officer (standard condition no. 13); failing to participate in and follow the rules and regulations of an inpatient treatment program (additional condition no. 2); and failing to report to the probation office as instructed (standard condition no. 2).

Vezo was arrested and appeared before the District Court for a supervised release revocation hearing. The Court (1) confirmed that Vezo was not under the influence of drugs or alcohol and understood the proceedings, (2) reviewed the nature of the proceedings and alleged violations, (3) noted the applicable maximum penalties and Sentencing Guidelines range of seven to thirteen months, and (4) ensured that Vezo had sufficient time to confer with counsel. Vezo waived his right to a hearing and admitted to the violations. The Court heard from both counsel and Vezo before sentencing Vezo to eleven months' imprisonment and one year of supervised release. In justifying the sentence, the Court explained that Vezo "regularly" lied to his probation officer and failed to take advantage of the opportunities that the probation office provided. App. 48.

Vezo's counsel filed an appeal on his behalf and, finding no nonfrivolous arguments, moved to withdraw under Anders.[2]

## II[3]

### A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the

---

[2] Vezo did not file his own pro se brief despite having the option to do so.
[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis, Dist. 1, 486 U.S. 429, 438-39 n.10 (1988).

To determine whether counsel has fulfilled his obligations, we examine the Anders brief to see if it (1) shows that he has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, Smith v. Robbins, 528 U.S. 259, 271 (2000) (citing Anders, 386 U.S. at 744), and (2) explains why any of the identified issues are frivolous, United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Vezo's counsel has satisfied his Anders obligations. Counsel correctly recognized that, because Vezo admitted he violated the terms of his supervised release, his appellate issues were limited to the (1) District Court's jurisdiction, (2) voluntariness of his admission, and (3) reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989). The Anders brief explains why challenges to any three of these issues lack support. Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300-01, and we agree that there are no nonfrivolous issues warranting an appeal.[4]

---

[4] We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

4

First, the District Court had jurisdiction[5] because Vezo pleaded guilty to violating a federal statute, see 18 U.S.C. § 3231. Moreover, the District Court had the authority to revoke a sentence of supervised release pursuant to 18 U.S.C. § 3583(e).

Second, Vezo's admission that he violated the terms of his supervised release was counseled and voluntary.[6] Broce, 488 U.S. at 569. In the context of a revocation hearing, the voluntariness of a defendant's waiver is based on the "totality of the circumstances" and does not require "rigid or specific colloquies with the district court." United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013) (internal quotation marks omitted). Rather, the record need only show that the defendant is aware of "both the rights afforded him [] and the consequences of relinquishing those rights." Id. Before Vezo's admission, the District Court (1) confirmed that Vezo was not under the influence of any drugs or alcohol that would make him unable to understand the proceedings, (2) detailed the alleged violations, (3) noted the maximum statutory penalty and Guidelines range, (4) ensured that Vezo had an opportunity to confer with counsel about the alleged violations and whether to proceed with a hearing, and (5) verified Vezo's decision to admit to the violations in lieu of a hearing. Although the District Court did not place Vezo under oath

---

[5] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

[6] Because Vezo did not object to the plea colloquy in the District Court, we review for plain error. United States v. Goodson, 544 F.3d 529, 539 & n.9 (3d Cir. 2008). To establish plain error, a defendant must show (1) an error, (2) which was plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If a party can show plain error, we may exercise our discretion to correct the error if the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

5

or address his right to question witnesses and present evidence, Fed. R. Crim. P. 32.1(b), Rule 32.1 does not have an oath requirement, compare Fed. R. Crim. P. 11(b)(1) with Fed. R. Crim. P. 32.1,[7] and the Magistrate Judge advised Vezo of these rights at his initial appearance following his arrest. Thus, the "totality of the circumstances" show that Vezo was aware of the charges against him, the "rights afforded [to] him[,] and the consequences of relinquishing those rights." Manuel, 732 F.3d at 291 (internal quotation marks omitted). Moreover, any omission did not affect Vezo's substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). Accordingly, any challenge to his knowing and voluntary admission would be frivolous.

Third, Vezo's sentence was procedurally and substantively reasonable.[8] See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). As to procedural reasonableness, the District Court followed United States v. Gunter's three-step procedure, which requires a court to (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant factors under § 3553(a). 462 F.3d 237, 247 (3d Cir. 2006). Here, the Court accurately calculated a Guidelines range of seven to thirteen months because Vezo committed Grade C violations of supervised release, U.S.S.G. § 7B1.1(a)(3) (defining a Grade C violation, in

---

[7] In any event, the failure to administer the oath did not seriously affect the integrity of the proceedings, Olano, 507 U.S. at 736, since a defendant should not expect that false statements to a court are ever acceptable.

[8] Because Vezo did not object, we review the procedural challenge to his sentence for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

6

relevant part, as "a violation of any other condition of supervised release"), and his criminal history category was V. See U.S.S.G. § 7B1.4. The Court also correctly recognized that a statutory maximum of two years applied. 18 U.S.C. § 3583(e)(3). The eleven-month sentence the Court imposed was therefore within the Guidelines range and did not exceed the statutory maximum.

There were no departure motions filed and the District Court gave "rational and meaningful consideration" to the § 3553(a) factors. Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)); see also 18 U.S.C. § 3583(e). The Court heard arguments from Vezo and his counsel about Vezo's conduct while on supervision, efforts to obtain work, and desire to "get [his] life back together." App. 46-47. The Court considered counsels' arguments, the violation documents, and the § 3553(a) factors, and stated that while Vezo "talk[s] the talk[]," App. 47, his representations lack credence given his dishonesty to his probation officer, failure to take advantage of the opportunities the probation office afforded him, and violations of various conditions of his release. The Court concluded that a sentence within the Guidelines range was therefore "appropriate . . . to provide adequate community protection and deterrence." App. 48. Thus, any argument that Vezo's sentence was procedurally unreasonable lacks merit.

Finally, Vezo's sentence was substantively reasonable because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." Tomko, 562 F.3d at 568. First, Vezo admitted to a controlled substance offense, and the District Court was required to revoke his term of

7

supervised release.  18 U.S.C. § 3583(g).  Second, Vezo's repeated violations support a sentence within the Guidelines range.  Third, a sentence within the Guidelines is presumptively reasonable.  See United States v. Pawlowski, 27 F.4th 897, 912 (3d Cir. 2022).  Finally, the sentence serves to protect the public, deter similar conduct, and punish Vezo for breaching the Court's trust when it granted him a downward variance on his original sentence, sentenced him to time served, and immediately released him.  See United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006) ("A district court's primary consideration in handing down a revocation sentence is the defendant's breach of trust," while considering "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." (internal quotation marks omitted)).  Accordingly, any challenge to the substantive reasonableness of Vezo's sentence is meritless.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.